# NO. 12-07-00281-CR
# NO. 12-07-00282-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD LYNN WHITE,*<br>*APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Richard Lynn White appeals from two convictions for aggravated assault. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). The State waived the filing of a brief. We affirm.

## BACKGROUND

Appellant shot his wife and a bystander outside a hospital in Tyler, Texas. He was charged with two counts of aggravated assault. One offense was a second degree felony because it was alleged that Appellant caused serious bodily injury to another while using a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (Vernon Supp. 2007). The second offense was a first degree felony because it was alleged that Appellant used a deadly weapon to cause serious bodily injury to a family member. *See id.* § 22.02(b)(1). Appellant waived a jury trial and pleaded guilty to each offense without a plea agreement. Following the preparation of a presentence report and a hearing on punishment, the trial court assessed punishment at twenty years of imprisonment for the second degree felony offense and life imprisonment for the first degree felony offense, along with

a fine of $10,000 in each case.  This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*.  Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case.  In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[1]

We have considered counsel's brief and have conducted our own independent review of the record.  *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).  We have found no reversible error.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw in each case.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Having found no reversible error, we *affirm* the judgments of the trial court and *grant* Appellant's counsel's motions for leave to withdraw.

Opinion delivered July 9, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1] Appellant's counsel certified in his motion to withdraw that he provided Appellant with a copy of this brief.  Appellant was given time to file his own brief in these causes. The time for filing such a brief has expired, and we have received no pro se brief.